IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GARY TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO. 7:17-CV-00708-LSC |
| FIDELITY NATIONAL TITLE ) | |
| INSURANCE COMPANY et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION
TO STAY DISCOVERY AND SUSPEND DEADLINES**

Defendants Fidelity National Title Insurance Company ("Fidelity"), JPMorgan Chase Bank, N.A. ("Chase") and Mortgage Electronic Registration Systems, Inc. ("MERS") (Fidelity, Chase, and MERS are hereinafter collectively referred to as "Defendants") and, pursuant to Rules 6(b)(1)(A) and 26(c), Fed. R. Civ. P., hereby move this honorable Court to stay discovery and suspend the scheduling deadlines and requirements imposed by Rule 26(f), Fed. R. Civ. P., and this Court's ALND Uniform Initial Order Governing All Further Proceedings (the "Uniform Order") [Doc 8] and, in support thereof, state as follows:

1. On or about May 4, 2017, Plaintiff, *pro se*, filed his Complaint in this action. [Doc 1]

2. On May 25, 2017, Defendant Fidelity filed a motion to dismiss this

action pursuant to Rule 12(b)(6), Fed. R. Civ. P., based on Plaintiff's failure to state against Fidelity a claim for which relief can be granted. [Doc 6] On June 5, 2017, Defendants Chase and MERS filed their own motion to dismiss, joining in Fidelity's motion and asserting additional grounds for dismissal. [Doc 9]

3. The Court may stay the case, as to the parties' obligations under Rule 26 of the Federal Rules of Civil Procedure and the Uniform Order, by extending such deadlines until a period after this Court has ruled on Defendants' Motions to Dismiss. See Fed. R. Civ. P. 6(b) (a court is permitted to extend any deadline set by the Federal Rules upon a showing of good cause). Further, the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970) (acknowledging that district courts have discretionary authority to stay a case when the interests of justice so require); *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (holding that district court did not abuse its discretion in staying discovery because the court had "sufficient information before it upon which to rule"); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings...when the interests of justice seem... to require such action") (internal quotations omitted); *S.E.C. v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980), cert. denied, 449 U.S. 993

(1980) (same). Indeed, the Eleventh Circuit has emphasized that "district courts enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997).

4.  In addition, the Eleventh Circuit has made clear that:

> [f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should... be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Id.* at 1367 (footnote and internal citations omitted) (emphasis supplied); *see also McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (applying *Chudasama*).

5.  Because the Motions to Dismiss (Docs. 5 & 7) could potentially dispose of all claims, compliance with the discovery obligations set forth in the Federal Rules and this Court's Uniform Order prior to the Court's ruling on the Motions to Dismiss would be premature.

6.  The Motions to Dismiss are substantive in nature. Staying the case until the Court renders its decisions will permit any further proceedings to be limited to only those remaining actionable claims, if any. Therefore, Defendants request that the Court exercise its discretion and stay all applicable deadlines, including the parties' planning conference, initial disclosures, commencement of the discovery period, and all other deadlines the Court deems necessary to suspend.

- 4 -

WHEREFORE, Defendants respectfully request the Court grant this Motion.

Respectfully submitted this 5th day of June, 2017.

                        FIDELITY NATIONAL LAW GROUP

              By: */s/ Austin E. James*
                   Austin E. James (ASB-6988-N45J)
                   *Attorney for Defendants*

4170 Ashford Dunwoody Road
Suite 460
Atlanta, Georgia 30319
Direct Dial: (770) 325-4807
Facsimile: (404) 968-2189
austin.james@fnf.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused a true and correct copy of the foregoing DEFENDANTS' MOTION TO STAY DISCOVERY AND SUSPEND DEADLINES to be served by having same placed in the United States Mail, postage prepaid, addressed as follows:

Gary D. Taylor
13058 Alla Drive
Coker, Alabama  35452

This 5th day of June, 2017.

/s/ *Austin E. James*
AUSTIN E. JAMES (ASB-6988-N45J)
Attorney for Defendants

FIDELITY NATIONAL LAW GROUP
4170 Ashford Dunwoody Road
Suite 460
Atlanta, Georgia  30319
Direct: 770-325-4807
Facsimile: (404) 968-2189
austin.james@fnf.com