FILED
2017 Jul-10 PM 02:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

2017 JUL 10 A 9:06

GARY TAYLOR )
Plaintiff )
) CIVIL ACTION
vs ) FILE No. 7:17-cv-708-LSC
FIDELITY NATIONAL TITLE )
INSURANCE COMPANY et.al )
J.P.MORGAN, CHASE BANK )
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS INC.

---

PLAINTIFF,S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT and to WITHDRAW THE COMPLAINT AGAINST FIDELITY NATIONAL TITLE INSURANCE CO.

---

GARY D. TAYLOR, Plaintiff, respectfully moves this Court, under Federal Rules Of Civil Procedure 15(b) for leave to file an Amended Complaint to withdraw the complaint against FIDELITY NATIONAL TITLE INSUREANCE CO.( with prejudice) And to substitute the Breach of Contract complaint with Violation U.S. Code title 18 part 1 chapter 96 % 1961 section 1341 §ion 1343

GARY D. TAYLOR Plaintiff
1308 Alla drive
Coker,Ala. 35452
205-339-0226

Gary D. Taylor Date 07-10-2017

CASE 7: 17-CV00708-LSC

# CERTIFICATE OF SERVICE

I GARY D.TAYLOR Plaintiff do hereby certify that a true and correct copy of the foregoing document has been served by united states mail with postage paid to the attorney of record for all defendants at the following address;

AUSTIN E, JAMES
FIDELITY NATIONAL LAW GROUP
4170 ASHFORD DUNWOODY ROAD
SUITE 460
ATLANTA, GA, 30319

SIGNED BY PLAINTIFF DATE

Gary D. Taylor 02-18-2017

PLAINTIFFS DOCUMENTS SUBMISSION

# EXHIGIT 'A.'

**PUBLICATION DATES:** **August 20, 2009, August 27, 2009 and September 3, 2009**

**NEWSPAPER:** **The Tuscaloosa News**

MORTGAGE FORECLOSURE SALE

Default having been made in the payment of the indebtedness secured by that certain mortgage executed by Susan P. Taylor and Gary D. Taylor, wife and husband, to Mortgage Electronic Registration Systems, Inc. as nominee for Homecomings Financial Network, Inc., on the 11th day of November, 2002, said mortgage recorded in the Office of the Judge of Probate of Tuscaloosa County, Alabama, in Mortgage Book 2002, Page 101789; said mortgage having subsequently been transferred and assigned to The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A., as successor to JP Morgan Chase Bank, N.A., as Trustee for that certain pooling and servicing agreement, Series 2002-KS8, Pool # 4643; the undersigned The Bank of New York Mellon Trust Company, N.A., fka The Bank of New York Trust Company, N.A., as successor to JP Morgan Chase Bank, N.A., as Trustee for that certain pooling and servicing agreement, Series 2002-KS8, Pool # 4643, as Mortgagee/Transferee, under and by virtue of the power of sale contained in said mortgage, will sell at public outcry to the highest bidder for cash, in front of the main entrance of the Courthouse at Tuscaloosa, Tuscaloosa County, Alabama, on September 23, 2009, during the legal hours of sale, all of its right, title, and interest in and to the following described real estate, situated in Tuscaloosa County, Alabama, to-wit:

> A parcel of land located in the east half of the southwest quarter of the southeast quarter of Section 20, Township 20 South, Range 11 West, Tuscaloosa County, Alabama, and being more particularly described as follows: Commence at the northwest corner of the east half of the southwest quarter of the southeast quarter of Section 20, Township 20 South, Range 11 West; thence run south along the west boundary of said east half of the southwest quarter of the southeast quarter of said section a distance of 389.75 feet to the point of beginning; thence continue south and along said course


*Ocwen Loan Servicing, LLC*
*PO Box 780*
*Waterloo IA 50704-0780*
HELPING HOMEOWNERS IS WHAT WE DO!™
OCWEN.MORTGAGEBANKSITE.COM

11/14/13

701650-001056

SUSAN P TAYLOR
GARY D TAYLOR
13058 ALLA DR

COKER AL 35452

RE: Account Number 7415241074
Property Address 13108 UPPER COLUMBUS ROAD
COKER AL 35452

Dear SUSAN P TAYLOR
GARY D TAYLOR

Effective 12/02/13, the servicing of the above-referenced account (e.g., the right to collect payments) is being assigned, sold, or transferred from Ocwen Loan Servicing, LLC to SPECIALIZED LOAN SERVICING, LLC . The assignment, sale or transfer of servicing does not affect the terms or conditions of the mortgage documents/security instruments, other than the terms directly related to the servicing of your account.

Except in limited circumstances, the law requires your present servicer to send you this notice at least 15 days before the effective date of the transfer. Your new servicer must also send you this notice no later than 15 days after the effective date of the transfer.

Ocwen Loan Servicing, LLC sincerely appreciates your business and our first priority is to ensure a smooth transfer of your account servicing to SPECIALIZED LOAN SERVICING, LLC . If you have any questions regarding the transfer, please contact Customer Care at 800-766-4622.

Telephone Inquiries/Correspondence: Prior to 12/02/13, any questions regarding your account should be directed to Ocwen Loan Servicing, LLC . After 12/02/13, you should contact SPECIALIZED LOAN SERVICING, LLC . Please use the telephone numbers and addresses, listed below, when contacting Ocwen Loan Servicing, LLC or SPECIALIZED LOAN SERVICING, LLC .


Homecomings Financial
A GMAC Company
P.O. Box 205
Waterloo, IA 50704-0205

GMAC Mortgage
P.O. Box 780
Waterloo, IA 50704-0780

June 10, 2009

Homecomings and GMAC Mortgage
Account Number: 7415241074

**Property Address**
13108 UPPER COLUMBUS ROAD
COKER, AL 35452

SUSAN P TAYLOR
GARY D TAYLOR
13058 ALLA DR
COKER AL 35452-3779

Dear Susan P Taylor and Gary D Taylor:

We are writing to notify you that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold, or transferred from Homecomings Financial, LLC ("Homecomings Financial") to GMAC Mortgage, LLC (GMAC Mortgage), effective July 1, 2009.

**Please note that GMAC Mortgage and Homecomings Financial are affiliated companies. The only change to your mortgage account will be the name of your loan servicer.** Your new loan payments will be made payable to GMAC Mortgage instead of Homecomings Financial. Your account number, place for payments, and all other information relating to your mortgage loan remains the same.

*The assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.*

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of the transfer. Your new servicer must also send you this notice no later than 15 days after this effective date. In this case, all necessary information is combined in this one notice.

As of June 4, 2009 your current principal balance is $68,871.24, your current escrow balance is $269.16, your current interest rate is 8.500%, your total monthly payment is $1,037.41, and your next due date is 2/1/2009.

**Your present servicer is Homecomings Financial.**
Prior to July 1, 2009, if you have any questions regarding your account or the transfer of servicing, call Homecomings Financial's Customer Care Department toll free at 1-800-206-2901 between 6:00 am and 10:00 pm Central Time, Monday through Friday, and between 8:00 am and 2:00 pm Central Time, on Saturdays.

**Your new servicer will be GMAC Mortgage.**
Beginning July 1, 2009, if you have any questions regarding your account or the transfer of servicing, call GMAC Mortgage's Customer Care Department toll free at 1-800-766-4622 between 6:00 am and 10:00 pm Central Time, Monday through Friday, and between 8:00 am and 2:00 pm Central Time, on Saturdays.

**For GMAC Mortgage Customer Inquiries**
Beginning July 1, 2009, written inquiries regarding your account should be directed to GMAC Mortgage's Customer Care Correspondence Department at the following address:

**GMAC Mortgage**
**PO Box 4622**
**Waterloo, IA 50704-4622**

**For GMAC Mortgage Customer Payments**
The mailing address for payments will not change. Payments will be processed by Homecomings Financial if received prior to July 1, 2009 and will be processed by GMAC Mortgage if received after July 1, 2009. Please send all payments due on or after that date to GMAC Mortgage at the following address:

**GMAC Mortgage**
**PO Box 780**
**Waterloo IA 50704-0780**

**or the address provided on your GMAC Mortgage billing statement.**

**For Homecomings Financial Website Customer Payments**
If you have been utilizing the bill-pay service on Homecomings Financial's website, this service will be transitioned to the GMAC Mortgage Website, at www.gmacmortgage.com, via secure transfer in the near future. **Your user-name and password will not change and you will not need to re-register or re-enroll in your current payment program.**

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION, f/k/a The BANK OF NEY YORK TRUST COMPANY, N.A., as successor to JPMORGAN CHASE BANK, as TRUSTEE for RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2002-KS8,

Plaintiff,

v.

GARY D. TAYLOR and SUSAN P. TAYLOR,

Defendants.

v.

GMAC MORTGAGE, LLC,

Counterclaim Defendant

CIVIL ACTION NO.-2013-900129.00

**THIRD AMENDED COMPLAINT**

Plaintiff The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass Through Certificates Series 2002-KS8, hereby brings the following Third Amended Complaint against Defendants Gary D. Taylor and Susan P. Taylor (the "Taylors" or collectively "Defendants"). Plaintiff states as follows:

**PARTIES**

1. Plaintiff The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A. as successor to JPMorgan

Chase Bank, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass Through Certificates Series 2002-KS8 ("Plaintiff") is a foreign trust.

2. Defendant Gary D. Taylor is an individual who resides in Coker, Alabama.

3. Defendant Susan P. Taylor is an individual who resides in Coker, Alabama.

4. Venue is appropriate in this Court under Alabama Code § 6-3-2 based on the fact this action concerns real property located in Tuscaloosa County, Alabama.

**FACTS**

5. This action involves notes and mortgages entered into by the Defendants related to real property located at 13108 Upper Columbus Road, Coker, Alabama, 35452, also known as 13058 Alla Drive, Coker, Alabama, 35452 (the "Subject Property").

6. On November 11, 2002, Defendants refinanced a mortgage procured in 1996 from Independence Mortgage Corporation of America ("Independence") by obtaining a note (the "Note") in the amount of $93,500 and mortgage (the "Mortgage") from Homecomings Financial Network, Inc. ("Homecomings"). (*See* the November 11, 2002 Note, attached as Exhibit "A"; see also November 11, 2002 Mortgage, attached as Exhibit "B"). The funds provided to Defendants via the Mortgage and related Note completely satisfied Defendants' obligations related to the 1996 Mortgage from Independence.

7. Although the Defendants and Homecomings clearly intended that the Subject Property be encumbered by the Mortgage, its "Legal Description" was erroneous as it only encumbered the Defendants' access easement.

8. On February 21, 2011, Homecomings assigned its interest in the Note and Mortgage to The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A., as successor to JP Morgan Chase Bank, N.A.[1]

9. The Defendants have failed to make timely payments pursuant to the terms of the Note, and they are thus in default.

10. GMAC Mortgage, LLC ("GMAC") filed the initial lawsuit against the Defendants on January 28, 2013 to correct the error in the Mortgage and thus protect its interest in the Subject Property.

11. After being served with the complaint on or about February 8, 2013, the Defendants filed a pro se motion to dismiss on March 8, 2013. This Court, however, denied the Taylors' motion on March 11, 2013, and instead ordered the Taylors to file an answer within thirty (30) days.

12. On April 10, 2013, the Defendants filed an answer denying the material allegations of the complaint.

13. Unbeknownst to GMAC, after being served with the complaint, the Defendants entered a conspiracy with one another to fraudulently obtain two new home equity lines and/or mortgages on the Subject Property in order to liquidate any equity in the Subject Property prior to the resolution of GMAC's reformation action to the detriment of GMAC.

14. In furtherance of this conspiracy, on April 8, 2013, exactly two (2) months after they were served with the complaint, the Defendants executed a "FIXED RATE

[1] The Mortgage was serviced by GMAC until the servicing rights were assigned to Specialized Loan Servicing LLC on December 2, 2013.

HOME EQUITY CONVERSION MORTGAGE" with Security One Lending in the total amount of $202,500, which was recorded in the Tuscaloosa County Probate records at Book 2013, Page 50539. In conjunction with the FIXED RATE HOME EQUITY CONVERSION MORTGAGE, the Taylors also executed a "FIXED RATE HOME EQUITY CONVERSION SECOND MORTGAGE" in favor of The Secretary of Housing and Urban Development ("HUD"), which was recorded in the Tuscaloosa County Probate records at Book 2013, Page 50551. Each mortgage was supported by a note. *See* April 8, 2013 Mortgages, attached collectively as Exhibit "C" and hereinafter referred to as the "April 8th Mortgages").

15. Security One Lending subsequently assigned its interest in the April 8th Mortgages to Reverse Mortgage Solutions, Inc. ("RMS").

16. At no time prior to executing the April 8th Mortgages did the Defendants notify GMAC about their intent to seek a new mortgage loan on the Subject Property at issue in this litigation.

17. Upon information and belief, at no time prior to executing the April 8th Mortgages did the Defendants notify Security One Lending about the pending litigation related to the Subject Property.

18. In fact, GMAC was not aware of the April 8th Mortgages until October 24, 2013, when the Defendants, for the first time, challenged the priority of the Mortgage based on the April 8th Mortgages on the Subject Property. Essentially, the Defendants, after being served with the reformation complaint on February 8, 2013, set out on a course of delay by filing a motion to dismiss while at the same time obtaining new financing that would either freeze and/or remove any equity (i.e. "equity funds"") in the

Subject Property prior to a resolution of GMAC's reformation action. As such, even when GMAC had successfully obtained a judgment reforming the Mortgage as it had sought in its original complaint, GMAC would not have had any means to execute on the intended security interest.

19. On November 13, 2013, RMS filed a motion to intervene in the instant suit to protect its interests related to the April 8th Mortgages.

20. On December 2, 2013, Specialized Loan Servicing LLC took over the servicing of the loan at issue, which is owned by Plaintiff.

**COUNT I**
**BREACH OF CONTRACT**

21. Plaintiff hereby incorporates the allegations set forth above as if fully set forth herein.

22. On November 11, 2002, the Defendants entered into the Note in the amount of $93,500. Exhibit A.

23. The Defendants have failed to maintain their current payments due to Plaintiff.

24. The Defendants' failure to make timely payments is a material breach of the Note, making Defendants in default.

25. Plaintiff, as both the owner and holder of the Note, is entitled to enforce the Note against Defendants.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for compensatory and other damages, plus costs and such other relief, including reasonable attorneys' fees, as may be appropriate.


ELECTRONICALLY FILED
7/8/2015 2:34 PM
63-CV-2013-900129.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

**IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA**

**THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION, f/k/a The BANK OF NEY YORK TRUST COMPANY, N.A., as successor to JPMORGAN CHASE BANK, as TRUSTEE for RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2002-KS8,**

**Plaintiff,**

v.

**GARY D. TAYLOR and SUSAN P. TAYLOR,**

**Defendants.**

v.

**GMAC MORTGAGE, LLC,**

**Counterclaim Defendant.**

**CIVIL ACTION NO.-2013-900129.00**

**PLAINTIFF'S MOTION TO CERTIFY THE JUNE 17, 2015 ORDER AS FINAL**

The Plaintiff The Bank of New York Mellon Trust Company, National Association (the "Plaintiff" or the "Trust"), by and through its undersigned counsel, hereby moves this Court to certify its June 17, 2015 Order as final pursuant to Rule 54(b). In support of its motion, Plaintiff states as follows:

1. On June 17, 2015, this Court entered its order granting Plaintiff's motion for partial summary judgment on its breach of contract claim and dismissing all of Defendants' counterclaims. This Court's order also noted that the only remaining claims in this case are Plaintiff's claims for Fraudulent Suppression, Fraudulent Transfer and Conspiracy (collectively "Remaining Claims") against Defendants.

2. Accordingly, Plaintiff requests that this Court enter an order certifying its June 17, 2015 Order as final pursuant to Rule 54(b).

Dated: July 8, 2015

*/s/ Vincent J. Graffeo*
William J. Long (LON044)
Vincent J. Graffeo (GRA108)
Attorneys for Plaintiff

The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass Through Certificates Series 2002-KS8

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
jlong@burr.com
vgraffeo@burr.com

**OF COUNSEL:**

BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
bwahl@babc.com
smobley@babc.com

Loan #: 7415241074

2011 2420
Recorded in the Above
MISCELLANEOUS Book & Page
03-07-2011 06:44:54 PM
W. Hardy McCollum - Probate Judge
Tuscaloosa County, Alabama

STATE OF ALABAMA )

COUNTY OF TUSCALOOSA )

**ASSIGNMENT OF MORTGAGE**

FOR VALUE RECEIVED, the undersigned MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (the "Assignor"), does hereby transfer, assign, set over and convey unto THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK N.A. AS TRUSTEE FOR RASC 2002KS8 (the "Assignee"), its successors, transferees, and assigns forever, all right, title and interest of said Assignor in and to that certain Mortgage executed by SUSAN P. TAYLOR AND GARY D. TAYLOR, WIFE AND HUSBAND, to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HOMECOMINGS FINANCIAL NETWORK, INC. dated November 11, 2002, and filed for record in Mortgage Book 2002, Page 101789, in the Probate Office of Tuscaloosa County, Alabama.

It is expressly understood and agreed that the within transfer and assignment of the said Mortgage is without warranty, representation or recourse of any kind whatsoever.

IN WITNESS WHEREOF, said Assignor has hereunto set its signature this 21 day of February, 2011.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: [signature]

Its: Peggy Vernitsky Assistant Secretary

STATE OF Pennsylvania )

COUNTY OF Montgomery )

I, Nikole Shelton, a Notary Public in and for said County in said State, hereby certify that Peggy Vernitsky, whose name as Assistant Secretary of Mortgage Electronic Registration Systems, Inc., a Delaware Corp. is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of said conveyance, he/she, as such Peggy Vernitsky, and with full authority, executed the same voluntarily for and as the act of said Assistant Secretary

Given under my hand this the 21 day of February, 2011.

[signature]
Notary Public

My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Nikole Shelton, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Aug. 11, 2014
Member, Pennsylvania Association of Notaries

This instrument prepared by:
Colleen McCullough
Sirote & Permutt, P.C.
P. O. Box 55727
Birmingham, AL. 35255
Sirote #: 130227

Book/Pg: 2011/2420
Term/Cashier: SCAN3 / jmcateer
Tran: 9908.621827.786832
Recorded: 03-07-2011 18:45:14
PJF Probate Judge Fee 2.0
REC Recording Fee 3.5
Total Fees: $ 5.50

Gary Taylor and Susan Taylor (the "Taylors"). In that capacity, I have access to SLS's related to the Taylors' loan.

2. My affidavit is based upon my personal knowledge and/or upon my review of certain business records and associated records pertaining to the Taylors' loan and the information they contain. The business records were made in the ordinary course of business and it was the regular course of said business to make such records. These records are reports, records or data compilations, made at or near the time by, or from information transmitted by, persons with knowledge, and are kept in the normal course of SLS's business.

3. On November 11, 2002, the Taylors executed a promissory note ("Note") in the amount of $93,500 (the "Loan") and the Taylors executed a mortgage (the "Mortgage"), which encumbered property located at and commonly known as 13108 Upper Columbus Road, Coker, Alabama 35452 (the "Property"). True and correct copies of the Note and Mortgage are attached hereto as Exhibits A and B, respectively.

4. The Mortgage was subsequently assigned to The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A., as successor to JP Morgan Chase Bank, N.A., as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass Through Certificates Series 2002-KS8.

5. There has been a default under the terms of the Note for failure to pay the payment that was due on January 1, 2009, and all subsequent payments.

6. Based on my review of the account notes and billing records associated with the Loan, the total balance owed on the Loan, as of February 23, 2015, is $118,064.62, which includes $68,871.24 in unpaid principal balance, $35,965.17 in interest owed through February

23, 2015, $8,398.60 in escrow advances and $4,824.11 in outstanding fees and corporate advances.

**Further Affiant Sayeth Not.**

Specialized Loan Servicing LLC, as attorney in fact for The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A., as successor to JP Morgan Chase Bank, N.A., as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass Through Certificates Series 2002-KS8

By: Michele Crampton

Its: Assistant Vice President

STATE OF COLORADO *
*
COUNTY OF DOUGLAS *

I, Kara Kimmet, a Notary Public in and for said County in said State, hereby certify that Michele Crampton whose name is signed to the foregoing AFFIDAVIT Michele Crampton; and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and seal, this 3rd day of ~~March~~ April, 2015.

NOTARY PUBLIC

[SEAL]

KARA KIMMET
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20104044385
MY COMMISSION EXPIRES 10/25/2018

My Commission Expires: 10-25-2018

SLS

8742 Lucent Boulevard, Suite 300, Highlands Ranch, CO 80129

To obtain information about your account, contact SLS at: 1-800-306-6059 or visit our website at **www.sls.net.** SLS accepts calls from relay services on behalf of hearing impaired borrowers.

**Mortgage Statement**
Statement Date: 09/18/15

+ 0579921 000043381 9SPS1 0716845 P1
SUSAN P TAYLOR
GARY D TAYLOR
13058 ALLA DR
COKER AL 35452-3779

| | |
|---|---|
| Account Number | 1008374878 |
| Payment Due Date | 10/01/15 |
| **Total Amount Due ‡** | **$89,260.13** |

*If payment is received after 10/16/15, $0.00 late fee will be charged.*

Property Address:
13108 UPPER COLUMBUS RD
COKER AL 35452

| Account Information | |
|---|---|
| Outstanding Principal | $68,871.24 |
| Escrow Balance | $-8,398.60 |
| Partial Payment (Suspense)* | $0.00 |
| Deferred Principal: | $0.00 |
| Deferred Interest: | $0.00 |
| Other Deferred Amounts: | $0.00 |
| Interest Rate | 8.500% |
| Prepayment Penalty | No |

| Explanation of Amount Due | |
|---|---|
| Principal | $761.40 |
| Interest | $159.33 |
| Escrow (for Taxes and Insurance) | $193.05 |
| Optional Product | $0.00 |
| **Regular Monthly Payment** | **$1,113.78** |
| Total New Fees Charged | $0.00 |
| Past Due Amounts | $88,146.35 |
| Partial Payment (Suspense)* | $0.00 |
| **TOTAL AMOUNT DUE ‡** | **$89,260.13** |

**Transaction Activity (08/19/15 to 09/18/15)**

| Date | Description | Total | Interest | Principal | Escrow (for Taxes and Insurance) | Optional Product | Fees/ Charges | Partial Payment (Suspense)* |
|---|---|---|---|---|---|---|---|---|
| | *** NO TRANSACTION TO REPORT *** | | | | | | | |

**Past Payments Breakdown**

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Fees/Charges/Optional Product | $0.00 | $0.00 |
| Partial Payment (Suspense)* | $0.00 | $0.00 |
| Total | $0.00 | $0.00 |

**Important Messages**

You are currently due for the 02/01/09 payment.

* **Partial Payments:** Any partial payments that you make are not applied to your mortgage, but instead are held in a suspense account. If you pay the balance of a partial payment, the funds will then be applied to your mortgage. However, if the loan is in foreclosure, unless funds are received pursuant to an agreed upon loss mitigation program, any additional funds received will be returned to you.

‡ **Amount to bring loan current:** Please note, if your account is past due, this amount may not include all fees or other amounts necessary to fully reinstate your loan. Please contact SLS at 1-800-306-6059 for a full reinstatement quote.

****Delinquency Notice****

**If You Are Experiencing Financial Difficulty**: You may contact the U.S. Department of Housing and Urban Development (HUD) for a list of homeownership counselors or counseling organizations in your area, call 1-800-569-4287 or go to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm

**You are late on your mortgage payments.** Failure to bring your loan current may result in fees and foreclosure - the loss of your home. As of September 18, 2015 you are 2420 days delinquent on your mortgage loan.

Recent Account History

- Past due amount as of 04/01/15: $77,753.34
- Payment due 05/01/15: Amount Due $1,113.78
- Payment due 06/01/15: Amount Due $1,113.78
- Payment due 07/01/15: Amount Due $1,113.78
- Payment due 08/01/15: Amount Due $1,113.78
- Payment due 09/01/15: Amount Due $1,113.78
- 10/01/15: Current Payment Due $1,113.78
- Total Unpaid Fees, Charges, and Uncollected Escrow Amount: $4,824.11
- **Total $89,260.13 due. You must pay this amount to bring your loan current.**‡

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION AND DISCLOSURES.**