FILED
2017 Dec-01  PM 03:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

GARY TAYLOR,                        )
                                    )
            Plaintiff,              )
                                    )
    vs.                             )          7:17-cv-708-LSC
                                    )
JP MORGAN CHASE BANK, N.A.,         )
et al.,                             )
                                    )
                                    )
            Defendants.             )

**MEMORANDUM OF OPINION**

Before the Court is Defendants' Motion to Dismiss Amended Complaint. (Doc. 29.) The Motion has been briefed and is ripe for review. For the reasons stated below, Defendants' Motion to Dismiss is due to be granted.

**I.   BACKGROUND**

Plaintiff alleges two tangentially related sequences of events he believes gives rise to Defendants' liability. On November 11, 2002 Plaintiff received a loan from non-party Homecomings Financial Network ("Homecomings") for $93,500 and granted a mortgage on his property for that amount. (Doc. 29-1). Homecomings then obtained a title insurance policy from former Defendant Fidelity National

Title Insurance Company ("Fidelity"). Plaintiff does not allege he was party to that policy, (doc. 1 at 7), although Plaintiff argues he paid $235.00 for that policy.

At some point prior to October 5, 2011, Plaintiff discussed a problem with the mortgage's legal description of his property with Colleen McCullough ("McCullough"), who represented nonparty GMAC Mortgage, LLC ("GMAC"). (Doc. 1 at 8.) GMAC and Homecomings were affiliated companies, and it appears from documents attached to Plaintiff's Amended Complaint that at some point the right to payment for Plaintiff's loan had been transferred from Homecomings to GMAC. (Doc. 20 at 6.) McCullough then raised the issue with Fidelity. (Doc. 1 at 2.) According to Plaintiff, Fidelity did not pay Homecomings or GMAC under the title insurance policy, or it did pay those entities but those entities did not record payment on the mortgage. (*Id.*) It appears that during Plaintiff's meeting with McCullough he also discussed a possible modification of the loan on the property. (*Id.*)

Without any explanation, Plaintiff states "the failure of [Fidelity] to do due diligence on a claim that was a valid claim" was the reason for "6 years of legal actions" and a personal judgment against Plaintiff. (*Id.*) Plaintiff appears to be referencing a judgment entered against him in the Circuit Court of Tuscaloosa,

Alabama for breach of contract for his failure to pay the note that secured the mortgage on the property.[1] (Doc. 29-3.)

After the filing of Plaintiff's Complaint, Defendants responded with Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court instructed Plaintiff that it did not understand his causes of action against Defendants. The Court warned Plaintiff that it would dismiss his Complaint in its current form and directed him to amend his Complaint if he wished to make additional arguments. (*See* Doc. 19.) Plaintiff moved to amend his Complaint in order to dismiss Defendant Fidelity and to add counts of Racketeer Influenced and Corrupt Organizations Act ("RICO") violations and criminal fraud against the remaining Defendants in addition to the fraud and unjust enrichment claims he already asserted in his original Complaint. (Doc. 20.) He did not supplement the Complaint with additional factual allegations. The Court granted the motion in part, allowing Plaintiff to dismiss Defendant Fidelity and substitute the RICO violation for breach of contract against remaining Defendants but denied the motion to the extent Plaintiff attempted to assert criminal charges. (Docs. 23 & 26.)

---

[1] Plaintiff himself does not state in detail the results of the action in state court. Defendants have attached a copy of the judgment to their Motion to Dismiss. (*See* Doc. 29-3.) The Court may consider this document without converting the Motion into a Motion for Summary Judgment, "only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). The document is central to Plaintiff's claim in that he seeks to recover for damages related to the entry of judgment. The document is "undisputed" because "the authenticity of the document is not challenged." *Id.*

After Plaintiff's amendment, remaining Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and JPMorgan Chase Bank, N.A. ("JP Morgan") filed a new Motion to Dismiss, arguing Plaintiff's Amended Complaint yet again failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded in his Opposition to Defendants' Motion to Dismiss, (doc. 34.), by raising new factual allegations not present in his Complaint or Amended Complaint. In this second "strain" of allegations, Plaintiff argued that MERS' assignment of the mortgage on his property to the Bank of New York Mellon Trust Company as successor to JP Morgan constituted fraud, unjust enrichment, and violations of RICO statutes. (Doc. 34 at 2-3.) Plaintiff's argument appears to be that Defendants' liability arose from the violation of a court order in a wholly unrelated bankruptcy case in the Southern District of New York:

> The plaintiff is not requesting review of the state court judgment due to a loss by the plaintiff, but the plaintiff is claiming that the judgment by the state court represents contempt for a federal bankruptcy court order awarding ownership of the note in question to Solutions Lending Services S.L.S. Plaintiffs claim is that he was not injured by the States judgment, but was injured by the contempt shown by the state court judge to a[n] order issued by a federal bankruptcy court. (I.E.,)UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY JUDGE MARTIN GLEEN[sic]. Case No. 12-1220 (MG) chapter 11.
>
> . . .

> The fraud claim against [MERS] [i]nvolves the transfer of real property immediately following a ruling that all mortgages held by [MERS] [w]ere not valid claims of title to those mortgages.

(Doc. 34 at 2.) Given the information stated in his Opposition, Plaintiff seems to cite *In re Residential Capital, LLC*, 12-12020 (S.D.N.Y.), in which Judge Martin Glenn presided over a number of adversary proceedings involving MERS. After extensive search, the Court has been unable to find any bankruptcy case in the Southern District of New York implicating Plaintiff or his property. Plaintiff appears to suggest that because a bankruptcy court in New York has held that attempted transfers of mortgages by MERS in specific cases were invalid under New York law, that MERS' transfer of Plaintiff's mortgage to JP Morgan constitutes fraud, unjust enrichment, and violations of RICO.

## II. STANDARD OF REVIEW

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the facts alleged in the complaint must be specific enough that the claim raised is "plausible." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). A claim for relief is plausible on its face when the complaint's "factual content . . . allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Conclusory statements of law may "provide the framework of a complaint," but the plaintiff is required to support them with "factual allegations." *Iqbal*, 556 U.S. at 679.

The process for evaluating the sufficiency of a complaint has two steps. This Court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Conclusory statements and recitations of a claim's elements are thus disregarded for purposes of determining whether a plaintiff is entitled to survive a motion to dismiss. *Id.* at 678. Next, this Court "assume[s] [the] veracity" of "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* at 679. A complaint's factual matter need not be detailed, but it "must . . . raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing the complaint, this Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Because Plaintiff has alleged fraud, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies to this claim. In addition to the standard discussed above, Rule 9(b) provides that for a claim "alleging fraud or

mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The particularity required by the rule is satisfied when the complaint sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quotation omitted). "Rule 9(b) must not be read to abrogate rule 8, however, and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of rule 9(b) with the broader policy of notice pleading." *Friedlander v. Nims*, 755 F.2d 810, 813 n.3 (11th Cir. 1985).

Additionally, "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "a p*ro se* pleading must still suggest that there is at least some factual support for a claim." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017).

Documents which are incorporated as exhibits to the complaint may be considered without converting a Fed. R. Civ. P. 12(b) motion to dismiss into a Fed.

R. Civ. P. 56 motion for summary judgment. *Horsley*, 304 F.3d at 1134; see also *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). "Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) (quoting *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940)). Because Plaintiff has attached a number of exhibits to his Complaint and Amended Complaint, the Court considers these exhibits in the course of its opinion.

## III.  DISCUSSION

Even under the most liberal interpretation of Plaintiff's Amended Complaint, Plaintiff has failed to state a claim against Defendants. Plaintiff's Amended Complaint, which incorporates his original Complaint, contains no allegations of wrongdoing against either Defendant.  Plaintiff has included specific allegations of fact against each Defendant in his Opposition to Defendants' Motion to Dismiss, but plaintiffs cannot amend their complaint through a response to a motion to dismiss. *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)); *see St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002) ("The scope of the

review must be limited to the four corners of the complaint." (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000))). Even if the Court considers Plaintiff's additional allegations raised in his Opposition to Defendants' Motion to Dismiss, Plaintiff has failed to state a claim.

## A. FRAUD

"The elements of fraud are (1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation." *Exxon Mobil Corp. v. Alabama Dep't of Conservation & Nat. Res.*, 986 So. 2d 1093, 1114 (Ala. 2007) (citations and emphasis omitted). Plaintiff makes no factual allegations of fraud in his Complaint against either of the Defendants. In fact, his Complaint attributes all injuries to Fidelity, who has been dismissed from this case.

In his "Opposition to Defendant's Motion to Dismiss," Plaintiff raises new allegations of misconduct against Defendants: "Plaintiff has documented two cases of fraud committed by J.P. Morgan,[ ]Chase and one case of fraud committed by [MERS]." (Doc. 34 at 2.) Plaintiff alleges that MERS committed fraud by transferring "real property immediately following a ruling that all mortgages held by [MERS] [w]ere not valid claims of title to those mortgages." (*Id.*) He then states that transfer from MERS to JP Morgan was "a fraudulent attempt by both

corporations to go around the Federal Bankruptcy Court" and that JP Morgan additionally committed fraud by "ask[ing] a[n] Alabama court judge to overrule a[n] order awarding ownership of the 'note'[ ]By the bankruptcy court to S.L.S. And then award that 'note to J.P.Morgan." (*Id.*)

Plaintiff's theory in no way states a claim for fraud. First, Plaintiff's failure to plead any facts relating to this cause of action against Defendants in his Amended Complaint is fatal to his claim. His Amended Complaint has alleged no materially false representation that was reasonably relied upon by Plaintiff. Nor can Plaintiff further amend his Complaint through his Opposition to Defendants' Motion to Dismiss. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1222 (11th Cir. 1999) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.").

Looking past Plaintiff's Complaint to the new allegations in his Opposition to Defendants' Motion to Dismiss, Plaintiff has not stated how *In re Residential Capital* or any other bankruptcy court case from the Southern or Eastern District of New York involving wholly unrelated to Plaintiff's case is binding upon the parties or the Court here. Contrary to Plaintiff's belief, Alabama law, which applies to transactions involving Plaintiff's property, recognizes the type of transfer of ownership by MERS which Plaintiff believes is invalid. *See Crum v. LaSalle Bank,*

*N.A.*, 55 So. 3d 266, 269 (Ala. Civ. App. 2009) (rejecting argument that "because MERS, which was specified in the mortgage instrument as the lender's nominee and as the mortgagee, was not shown to have owned the debt, MERS could not convey any right to the assignee whereby the assignee would, in the words of the statute, have 'become[ ] entitled to the money . . . secured' by the mortgage." (citation omitted)); *see also Phillips v. Mortg. Elec. Registration Sys., Inc.*, No. 5:09-CV-2507-TMP, 2014 WL 12607858, at *1 (N.D. Ala. Feb. 10, 2014) (holding that under Alabama law after plaintiffs executed mortgage in favor of MERS as nominee for lender, MERS' assignment of mortgage to third party is valid). Plaintiff has failed to state a claim for fraud.

## B. UNJUST ENRICHMENT

For a plaintiff to prevail on a claim for unjust enrichment, he must be able to prove facts "showing that defendant holds money which, in equity and good conscience, belongs to plaintiff or holds money which was improperly paid to defendant because of mistake or fraud." *Hancock-Hazlett Gen. Constr. Co. v. Trane Co.*, 499 So. 2d 1385, 1387 (Ala. 1986) (citations and emphasis omitted). Plaintiff's Amended Complaint has not made any allegations relating to either Defendants' unjust enrichment. Plaintiff only states that there was a title insurance policy in favor of the "mortgage holder" but does not argue he is entitled to the proceeds of

that policy. Plaintiff further alleges in his Opposition to Defendants' Motion to Dismiss that he paid $235.00 for the policy, but does not allege he is actually entitled to anything under the policy or that Defendants have any of the policy's proceeds. (Doc. 34 at 3 ("Plaintiff will begin with the title insurance, the defendants claim that the title insurance is of no value to the plaintiff is incorrect, at its very least it is worth $235.00 which is what the plaintiff payed for the policy[.] The plaintiff did not sell, give away or other wise transfer the policy, only the fruit of the policy was transferred, the tree still belongs to the Plaintiff, if a person, company or organization should falsely claim the benefits or the ownership of the policy they have committed fraud against the plaintiff.") The existence of a title insurance policy in favor of the mortgage holder does not create any legal entitlement to Plaintiff. BARLOW BURKE, LAW OF TITLE INSURANCE § 2.01 TITLE INSURANCE DEFINED (3rd ed. Aspen Publishers ed., 3rd ed. 2017) ("As a general rule, an owner-mortgagor gains no rights as an insured when his or her mortgagee takes out a title insurance policy."). Plaintiff has not stated a claim for unjust enrichment.

## C. RICO VIOLATIONS

To state a civil claim under RICO, the Plaintiff must allege "that the defendant committed a pattern of RICO predicate acts under 18 U.S.C. § 1962;

second, that the plaintiff suffered injury to business or property; and, finally, that the defendant's racketeering activity proximately caused the injury." *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 705 (11th Cir. 2014). "Section 1962, in turn, lists four types of RICO violations." *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017). "The predicate acts making up the pattern of racketeering activity for these claims [under § 1962] are violations of the federal mail and wire-fraud statutes, 18 U.S.C. §§ 1341, 1343." *Id.* To prevail on his RICO claim, Plaintiff has to allege facts that would allow this court to infer that the Plaintiff suffered injury from Defendants' "pattern of racketeering activity."

Plaintiff's Complaint contains no facts relating to Defendants' actions in conjunction to a RICO claim. Plaintiff only attempts to allege facts relating to his RICO claim in his Opposition to Defendants' Motion to Dismiss. (Doc. 34 at 3 ("The plaintiff believes that this court has sufficient evidence under the rules of civil law to rule that there is more likely than not a violation of theses [sic] federal courts [sic] orders and to order these claims by the plaintiff be investigated in the discovery process.").) Like his fraud claim, Plaintiff appears to base his RICO claim on a mistaken understanding of the applicability of a New York bankruptcy court's interpretation of New York law to his mortgage under Alabama law. Assuming the truth of factual pleadings in Plaintiff's Complaint and disregarding

his legal conclusions, he has not stated any claims against Defendants for violations of RICO because he has not alleged any facts concerning Defendants' actions.

## IV.   CONCLUSION

Each of the Plaintiff's claims against the Defendants are due to be dismissed. The Court has given Plaintiff multiple opportunities to articulate his case and correct the defects of his Complaint. Plaintiff has not stated any viable claim.  For the reasons stated above, Defendants' motion to dismiss is due to be GRANTED.

**DONE** AND **ORDERED** ON DECEMBER 1, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

190485